**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: THOMAS W. OLICK, | : | |
| Appellant, | : | CIVIL ACTION |
| | : | |
| v. | : | NO.10-458 |
| | : | |
| JAMES KEARNEY, et al., | : | |
| Appellees. | : | |
| | : | |

**Memorandum**

YOHN, J.                                                                                      June 9, 2010

Thomas Olick, *pro se*, moves for reconsideration of the court's February 8, 2010,

dismissal of his bankruptcy appeal. The court dismissed the appeal for failure to file a timely

designation of items to be included in the record on appeal and a statement of the issues to be

presented pursuant to Federal Rule of Bankruptcy Procedure 8006. Olick submitted the

designation and the statement to the court on February 16, 2010. He argues in his motion for

reconsideration of my dismissal order that the deadline for filing was on that date. Although I

conclude that the deadline was, in fact, on February 8, 2010, Olick's motion for reconsideration

also alleges that his failure to file by that date was not in bad faith and that the clerk's office was

inaccessible to him until February 16, 2010, circumstances that mitigate against dismissal as a

sanction for his eight-day delay in filing. As a result, I will grant the motion and reinstate Olick's

appeal.

**I. Factual and Procedural History**

Olick appeals from the bankruptcy court's disposition of two adversary proceedings that

he initiated against his former employer, the Knights of Columbus ("the Knights"); his former

health insurer, the Aetna Life Insurance Company ("Aetna"); and two individual Knights employees, James Kearney and Thomas Jenkins. Olick's claims included breach of contract, employment discrimination and retaliation, and violations of the Employee Retirement Income Security Act ("ERISA") and the Consolidated Omnibus Budget Reconciliation Act ("COBRA"). The bankruptcy court had non-core jurisdiction over the proceedings because any recovery was to be used to fund Olick's Chapter 13 bankruptcy plan.

On December 19 and 22, 2008, the bankruptcy court held a trial on Olick's COBRA claims against the Knights, an equitable ERISA claim against the Knights, and employment retaliation claims against the Knights and Kearney.[1] On December 28, 2009, the bankruptcy court entered judgment in favor of Olick on his retaliation and COBRA claims against the Knights but against him on his other remaining claims. A seventy-one-page opinion accompanied the judgment. *See Olick v. Kearney*, Adv. No. 07-0060 (Bankr. E.D. Pa. Dec. 28, 2009).

Olick filed a timely notice of appeal on December 31, 2009. After filing the notice of appeal, however, Olick also filed a motion to reconsider in the bankruptcy court on January 4, 2010. *See* Motion to Reconsider, *Olick*, Adv. No. 07-0060, Docket Entry No. 397 ("First Motion for Reconsideration"). The First Motion for Reconsideration did not state any grounds for reconsideration because, although Olick had learned of the bankruptcy court's December 28, 2009, judgment, he allegedly had not yet received the court's opinion.[2] Olick stated that he would submit an amended motion to reconsider once he had "received and studied" the bankruptcy court's opinion. On January 21, 2010, having not yet received an amended motion to reconsider

---

[1] Prior to trial, Olick settled with Aetna and the bankruptcy court dismissed most of his claims. *See Olick v. Kearney*, Adv. No. 07-0060, Slip Op. at 2 (Bankr. E.D. Pa. Dec. 28, 2009).

[2] Olick apparently lacks access to the electronic court filing system. *See* Motion to Reconsider the Court's Order of 1/20/10 at 1, *Olick*, Adv. No. 07-00060, Docket Entry No. 420.

or any further communication from Olick regarding the status of that amended motion, the bankruptcy court entered an order filed January 20, 2010, denying the First Motion for Reconsideration. *See* Order, *Olick*, Adv. No. 07-00060, Docket Entry No. 411. A copy of that order was mailed to Olick on January 23, 2010. *See* Certificate of Mailing, *Olick*, Adv. No. 07-00060, Docket Entry No. 414.

On January 22, 2010, the day after the bankruptcy court entered its order denying the First Motion for Reconsideration but before Olick had received a copy of that denial, Olick filed an amended motion for reconsideration. *See* Amended Motion to Reconsider the Final Order of 12/28/2009, *Olick*, Adv. No. 07-00060, Docket Entry No. 412 ("Amended Motion for Reconsideration").[3] Unlike the First Motion for Reconsideration, the Amended Motion for Reconsideration contained a discussion of the grounds for reconsideration. The bankruptcy court denied the Amended Motion for Reconsideration by order filed January 22, 2010, and entered on January 25, 2010, on the merits and because the Amended Motion for Reconsideration was not accompanied by the notice form as required by Local Bankruptcy Rule 9014-3. *See* Order, *Olick*, Adv. No. 07-00060, Docket Entry No. 416. The bankruptcy court's order also prohibited Olick from filing any further motions for reconsideration. However, the court did not send a copy of that order to Olick until January 27, 2010. *See* Certificate of Mailing, *Olick*, Adv. No. 07-00060, Docket Entry No. 419.

On January 28, 2010, Olick filed a motion to reconsider, which attacked the bankruptcy court's denial of the First Motion for Reconsideration. Motion to Reconsider the Court's Order of 1/20/10, *Olick*, Adv. No. 07-00060, Docket Entry No. 420 ("Third Motion for

---

[3] According to the date of signing, Olick had mailed the Amended Motion to Reconsider to the bankruptcy court on January 19, 2010.

Reconsideration"). Olick had apparently mailed the motion to the bankruptcy court on January 26, 2010, the day before the bankruptcy court denied the Amended Motion for Reconsideration. In his Third Motion for Reconsideration, Olick argued that, before denying the First Motion for Reconsideration, the bankruptcy court had not given him sufficient time to file his Amended Motion for Reconsideration in light of mail delays, his "perilous" health condition and long work hours, and the demands of related court proceedings. The bankruptcy court entered an order denying Olick's Third Motion for Reconsideration on January 29, 2010. *See* Order, *Olick*, Adv. No. 07-00060, Docket Entry No. 421. The bankruptcy court declined to impose sanctions on Olick for filing the Third Motion for Reconsideration because, at the time that he sent in that motion, Olick had likely not yet learned of the disposition of his Second Motion for Reconsideration and the accompanying prohibition on further such motions. A copy of the court's order appears to have been sent to Olick by first-class mail on February 1, 2010. *See* Certificate of Mailing, *Olick*, Adv. No. 07-00060, Docket Entry No. 425.[4]

On February 8, 2010, noting that Olick had not yet filed a statement of issues and a designation of items to be included in the record as required by Federal Rule of Bankruptcy 8006, this court summarily dismissed Olick's appeal. Olick timely moved for reconsideration of that order on February 16, 2010. On the same day Olick also filed with this court a statement of issues on appeal and a designation of items to be included in the record on appeal as required by Rule 8006. Defendants have objected to Olick's motion to reconsider and Olick has submitted a reply.

**II. Discussion**

Olick argues in his motion for reconsideration that: 1) the time period for filing his Rule 8006 documents started when the order denying his Third Motion to Reconsider was entered, and

---

[4] The accompanying certificate of mailing is dated January 31, 2010, which was a Sunday.

2) he was unable to file his Rule 8006 documents before February 16, 2010, because of snowstorms that rendered him unable to drive to the clerk's office, snow-related court closings, and a federal holiday on February 15, 2010. Although I conclude that Olick's first argument is without merit, I find that the late filing of his Rule 8006 documents was the result of excusable neglect and that he is therefore entitled to an extension of time to file. As a result, I will grant Olick's motion for reconsideration and reinstate Olick's appeal.

**A. Olick's Rule 8006 Documents Were Untimely Under Rule 8006.**

Pursuant to Federal Rule of Bankruptcy Procedure 8006, Olick was required to file a designation of the items to be included in the record on appeal and a statement of issues to be presented on appeal within fourteen days after the latest of the following dates: (1) filing of a notice of appeal, (2) entry of an order granting leave to appeal, or (3) "entry of an order disposing of the *last timely motion outstanding* of a type specified in [Federal Rule of Bankruptcy Procedure] 8002(b)," which includes motions for reconsideration. Fed. R. Bankr. P. 8006 (emphasis added).[5] Motions for reconsideration must be filed "no later than 14 days after entry of judgment," *see* Fed. R. Bankr. P. 9023, a deadline that cannot be extended, *see* Fed. R. Bankr. P. 9006(b)(2). I conclude that only Olick's First and Amended Motions for Reconsideration were timely outstanding motions for the purposes of Rule 8006 and that the deadline for submitting Rule 8006 documents therefore fell on February 8, 2010, fourteen days after the bankruptcy court entered its order disposing of the Amended Motion for Reconsideration.

Olick's First Motion for Reconsideration, which was filed only seven days after the bankruptcy court entered its judgment, is undisputedly a timely outstanding motion for the purposes of Rule 8006. The Amended Motion for Reconsideration also is a timely outstanding

---

[5] The 2009 Amendments to the Rules of Bankruptcy Procedure extended the time period for filing from ten to fourteen days, effective December 1, 2009.

motion because it was intended to amend the First Motion for Reconsideration, despite the fact that it was filed over fourteen days after the entry of judgment and after the bankruptcy court had already denied the First Motion for Reconsideration, because the bankruptcy court's denial of the Amended Motion for Reconsideration made no mention of either of these considerations as a ground for denial of that motion.[6]

If the Third Motion for Reconsideration were to be considered a timely outstanding motion for the purposes of Rule 8006, Olick's Rule 8006 documents would have been timely.[7] I conclude, however, that the Third Motion for Reconsideration was not an outstanding motion because, prior to its filing, the bankruptcy court had already stated that it would not entertain any further motions for reconsideration. Olick's apparent ignorance of the fact that the bankruptcy court had prohibited further motions for reconsideration at the time that he filed his Third Motion for Consideration may have spared him from sanctions, but it cannot justify extending Rule 8006 time period over fourteen days past the date on which the bankruptcy court expressed its clear intention to bring an end to the proceedings.

As a result, the fourteen-day time period began, at the latest, on January 25, 2010, when the bankruptcy court entered its order denying Olick's Amended Motion for Reconsideration.[8]

---

[6] I note that, even if the Amended Motion for Reconsideration were to be disregarded, the fourteen-day time period would have ended on Thursday, February 4, 2010, fourteen days after the bankruptcy court entered its order denying the First Motion for Reconsideration on January 21, 2010. This calculation would not significantly increase the amount of time by which Olick's Statement of Issues was overdue.

[7] The time period would have begun to run on January 31, 2010, the day that the bankruptcy court's order denying the Third Motion for Reconsideration was entered. February 14, 2010, fell on Sunday and February 15, 2010, was a legal holiday. *See* Fed. R. Bankr. P. 9006(a)(1)(C). The deadline would therefore have fallen on February 16, 2010, the day on which Olick submitted his Rule 8006 pleadings.

[8] Defendants insist that this order was entered on January 22, 2010. Olick, on the other hand, insists that the time period should be measured from the date that a copy of the order was

Olick's time period for filing his Rule 8006 documents therefore ended on Monday, February 8, 2010. Olick's Rule 8006 documents were not filed with this court until February 16, 2010, and were therefore untimely.

**B. Olick's Delay Does Not Warrant Dismissal in Light of All Circumstances.**

Although Olick's Rule 8006 documents were untimely by eight days, that delay does not automatically warrant dismissal of his appeal. Rather, the court must consider a number of factors, including prejudice to the defendants, whether Olick acted in bad faith, and the merits of the appeal itself. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Olick's motion for reconsideration raises concerns that would tend to weigh against dismissal as a sanction for late filing. Defendants have neither responded to these concerns nor raised any countervailing equitable considerations that would favor dismissal. As a result, I will grant Olick's motion for reconsideration and reinstate his appeal.

The fourteen-day time limit set forth in Rule 8006 is not jurisdictional in nature and may be extended. *See* Fed. R. Bankr. P. 8001(a) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal."); Fed. R. Bankr. P. 9006(b)(1) (granting the court discretionary authority, "when an act is required or allowed to be done at or within a specified period by these rules," enlarge the time period for performing the act); *see also In re Turner*, 186 B.R. 108, (B.A.P. 9th Cir. 1995). The Third Circuit has stated that a district court may dismiss a bankruptcy

---

actually mailed to him. Both parties are incorrect. Rule 8006 unambiguously states that the time period shall run from the *entry* of the order, not receipt of the order by a party. *Cf. In re Arbuckle*, 988 F.2d 29, 31 (5th Cir. 1993) (interpreting similar language in Rule 8002 and holding that "[t]he ten day period of Rule 8002(a) begins to run upon the entry of the order, not its service"). The order was *filed* on January 22, 2010, but *entered* on January 25, 2010.

appeal for failure to meet nonjurisdictional deadlines only after balancing a number of equitable

factors set forth in *Poulis v. State Farm Fire & Casualty Company*. *See Richardson v. Treacy,*

*Shaffel, Moore & Mueller (In re Richardson Indus. Contrs.)*, 189 F. App'x 93, 96 (3d Cir. 2006)

(unpublished per curiam decision) (vacating district court's dismissal of bankruptcy appeal for

failure to submit Rule 8006 documents or to obey briefing deadlines). These factors are:

> (1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the
> adversary caused by the failure to meet scheduling orders and respond to
> discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the
> attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than
> dismissal, which entails an analysis of *alternative sanctions*; and (6) the
> *meritoriousness* of the claim or defense.

*Poulis*, 747 F.2d at 868. "'[D]ismissal typically occurs in cases showing consistently dilatory

conduct or the complete failure to take any steps other than the mere filing of a notice of

appeal.'" *In re Richardson Indus. Contrs.*, 189 F. App'x at 97 (quoting *In re Beverly Mfg. Corp.*,

778 F.2d 666, 667 (11th Cir. 1985)).

The first factor, the party's personal responsibility, primarily concerns the degree to

which a party is responsible for its counsel's misconduct. *Poulis*, 747 F.2d at 868. Olick is

proceeding *pro se* and cannot blame any counsel for the filing delay. *See Emerson v. Thiel*

*College*, 296 F.3d 184, 190 (3d Cir. 2002). Nevertheless, Olick alleges that the major roads

around his home in Easton, Pennsylvania were impassible due to snow from Saturday, February

6, 2010, to late Friday, February 12, 2010. There was, in fact, significant snowfall during that

week, causing this court to close on Wednesday and Thursday, February 10 and 11, 2010. Olick

apparently lacks access to the court's electronic filing system and could only file pleadings with

the court via mail or hand delivery. Moreover, Monday, February 15, 2010, was a federal

holiday. It is unclear, in light of Olick's confusion regarding the appropriate deadline, that he

would have filed his Rule 8006 documents in a timely manner if not for the snow and federal

holiday. Nevertheless, the snow and federal holiday do at least diminish the extent of Olick's responsibility for the delay.

Meanwhile, defendants have not alleged that they were prejudiced in any way by Olick's failure to file his Rule 8006 documents until February 16, 2010. Olick submitted his proposed Rule 8006 documents only eight days after the deadline.[9] It is difficult to discern how such a short delay could have materially prejudiced defendants.

Nor have defendants alleged any dilatory behavior on Olick's part aside from his filing of the Third Motion for Reconsideration after the bankruptcy court had already prohibited further such motions. The filing of that motion appears not to have been purposefully dilatory because, as the bankruptcy court noted in its denial of the motion, Olick appears not to have been on notice of the prohibition when he filed it. Moreover, a review of the recent litigation record shows that Olick has made significant efforts to make timely filings: for example, he filed a "notice of intent to appeal" well in advance of the bankruptcy court's eventual judgment out of concern that he would not receive notice of the judgment until the time period for appeal had elapsed, he filed a timely notice of appeal, and he filed his First Motion for Reconsideration before he received a copy of the bankruptcy court's opinion so that he would not miss the deadline for such motions. *See Olick*, No. 07-00060, Docket Entry Nos. 390, 402, 397.[10] Finally, Olick promptly attempted to correct his failure to meet the February 8, 2010, filing deadline by filing his Rule 8006 documents along with his motion to reconsider the dismissal of his appeal.

---

[9] Moreover, the last three of those days fell on a Saturday, Sunday, and federal holiday. When the last day of a filing period "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Bankr. P. 9006(a)(1)(C).

[10] In 2000, this court dismissed another one of Olick's appeals for failure to file his Rule 8006 documents for over a year. *See In re Olick*, Nos. 99-4477, 96-2349, & 96-22123, 2000 WL 32055, at *2-3 (E.D. Pa. Jan. 13, 2000). Olick's delay in this case is far less severe.

There is also no allegation that Olick has acted willfully or in bad faith. As noted above, Olick has no recent history of ignoring applicable time limits and his actions are consistent with those of someone making a conscientious effort to meet deadlines.

No alternative sanctions appear to be available. Defendants have not alleged that they suffered any material prejudice as a result of the delay, have not alleged that Olick acted in bad faith, and have not proposed any alternative sanctions in the event that the court rejects dismissal as a remedy for the late filing. Although the unavailability of alternative sanctions usually tends to weigh in favor of dismissal, *see In re Richardson Indus. Contrs.*, 189 F. App'x at 97, in this case alternative sanctions are unavailable not because they would be ineffective but because they would be unwarranted. As a result, the absence of a basis even for sanctions short of dismissal weighs heavily against dismissing Olick's appeal.

I finally turn to the merits of Olick's stated issues on appeal. The *Poulis* court noted that, for the purposes of deciding whether to dismiss an action for failure to comply with procedural requirements, "[a] claim . . . will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff . . . ." 747 F.2d at 869-70. Many of the issues Olick raises in his Rule 8006 statement are unduly vague, are meritless as a matter of law, or appear to have already been decided on a prior appeal to the district court. The merits of some of the other issues that Olick has raised in his statement of issues are impossible to determine without reference to the relevant portions of the record of the proceedings in bankruptcy court. As a result, it would be premature to decide at this point whether any portion of Olick's appeal is meritorious. The fifth and final *Poulis* factor therefore weighs neither for nor against dismissal.[11]

---

[11] Olick may wish to move to amend his statement of issues in order to excise from that statement any issues that have already been decided by the district court on appeal at some other point in this litigation. *See Olick v. Kearney*, No. 08-mc-05, 2008 U.S. Dist. LEXIS 26902, (E.D. Pa. Apr. 2, 2008) and 451 F. Supp. 2d 665 (E.D. Pa. 2006). Failure to do so may expose Olick to

**III. Conclusion**

On balance, the *Poulis* factors weigh against dismissal of Olick's appeal. As a result, I

will grant Olick's motion to reconsider and reinstate Olick's appeal.[12]

---

sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011 or Federal Rule of Civil
Procedure 11.

[12] I also note that, because Olick did not request that the Rule 8006 pleading deadline be extended until after the deadline had passed, Federal Rule of Bankruptcy Procedure 9006(b)(1) requires that he submit a motion to file his Rule 8006 documents after the deadline. In order to succeed on such a motion, Olick would need to show that the delay was due to "excusable neglect." Because the factors to be considered in deciding whether a late filing is due to "excusable neglect" are substantially similar to the *Poulis* factors, I will construe Olick's motion for reconsideration as including a Rule 9006(b)(1) motion to permit the late filing of his Rule 8006 documents and will grant that motion. *See Pioneer Inv. Svcs. v. Brunswick Assocs.*, 507 U.S. 380, 395 (1993) (analyzing excusable neglect in terms of the "danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith").